UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY SEUNG BAEK,<br><br>    Petitioner,<br><br>v.<br><br>DAVID LONG, Warden,<br><br>    Respondent. | Case No. 13cv421-MMA (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[ECF No. 9] |

This Report and Recommendation is submitted to United States District Judge Michael A. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On January 30, 2013, Petitioner Teddy Seung Baek, a state prisoner proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. ECF No. 1. ("Pet."). Petitioner challenges his convictions for rape with a foreign object, forcible oral copulation, and forcible rape, as well as numerous sentencing enhancements. Pet. at 2. On June 13, 2013, Respondent filed a motion to dismiss the petition as untimely. ECF No. 9. ("MTD"). Petitioner filed an opposition to the motion to dismiss on July 1, 2013. ECF No. 11 ("Oppo."). In his opposition, Petitioner argues that he is entitled to equitable tolling because he did not receive timely notice from the California Supreme Court that his habeas petition had been denied. Id. As a result, the Court required

1  Respondent to file a supplemental pleading addressing Petitioner's claim, which Respondent
2  timely filed on September 25, 2013.  ECF No. 15 ("Reply").

3      This Court has considered the Petition, Respondent's Motion to Dismiss, Petitioner's
4  opposition to Respondent's motion to dismiss, Respondent's Reply, and all other documents
5  submitted by the parties.  For the reasons set forth below, this Court **RECOMMENDS** that
6  Respondent's motion to dismiss be **GRANTED**.

7  **FACTUAL AND PROCEDURAL BACKGROUND**

8      On February 7, 2008, a jury convicted Petitioner of three counts of rape with a foreign
9  object, two counts of forcible oral copulation, and two counts of forcible rape.  Pet. at 1-2.
10 The jury also found true numerous sentence enhancements.  Id.; Lodgment 1.  The judge
11 subsequently sentenced Petitioner to ninety years to life.  Pet. at 1; Lodgment 1.

12     Petitioner appealed his conviction, but the appeal was denied on January 25, 2010.
13 Pet. at 2; Lodgment 2.  Petitioner then sought review in the California Supreme Court but
14 the petition was denied on May 12, 2010.  Pet. at 2-3; Lodgments 2 & 3.  Petitioner did not
15 seek review in the United States Supreme Court.  Pet. at 3.

16     On March 3, 2011, Petitioner filed a habeas petition in the superior court, which was
17 denied on May 6, 2011.[1]  Pet. at 3, 97-104; Lodgment 4; MTD at 7.  On June 17, 2011,
18 Petitioner filed a habeas petition in the state appellate court, which was denied on August
19 9, 2011.  Pet. at 4, 105-06; Lodgments 5 & 6; MTD at 7.  On August 25, 2011, Petitioner
20 filed a habeas petition in the California Supreme Court, which was denied on March 14,
21 2012.  Lodgment 7; Oppo. at 1-4, Attachments A & B.

---

[1] In determining the filing date of a petition, pro se prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the record does not reflect the date on which Petitioner presented his state and federal petitions to prison authorities.  Because the presentation dates are unavailable, and to provide Petitioner the greatest benefit of the doubt, this Court will use the date on which each document was signed as the filing date. See Lopez v. Felker, 536 F. Supp. 2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).  Some of the petitions have not been provided to the Court so the Court will use the dates the parties agree upon or the date which gives Petitioner the greatest benefit. As discussed in this Report and Recommendation, any disagreements on filing dates do not impact the Court's decision.

On January 30, 2013, Petitioner filed the instant habeas petition in federal court. Pet. at 96.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012).

## DISCUSSION

Respondent moves to dismiss Petitioner's petition on the basis that it is untimely. MTD at 7-12. Respondent admits that Petitioner is entitled to statutory tolling during the time that his habeas petitions were pending in the state courts, but argues that he is not entitled to equitable tolling. Id. As a result, Respondent contends that the instant petition was filed approximately 162 days after the applicable statute of limitations expired. Id. Petitioner opposes Respondent's motion, arguing that he is entitled to equitable tolling because he did not receive timely notice from the California Supreme Court that his habeas petition had been denied. Oppo. at 1-4. In support of his argument, Petitioner attaches a letter he wrote to the California Supreme Court in October 2012, and the Court's response, indicating that his petition had been denied in March 2012. Id., Attachments A & B. Respondent argues that Petitioner is not entitled to equitable tolling because Petitioner did not act diligently in determining the status of his state habeas petition. Reply at 4-5.

**A.   The AEDPA Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (West Supp. 2012). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitations period runs from the latest of:

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

Here, the California Supreme Court denied Petitioner's petition for direct review on May 12, 2010. Pet. at 2; Lodgment 3. Petitioner did not file a petition for certiorari with the United States Supreme Court, so the judgment became final and the statute of limitations began to run on August 10, 2010, ninety days after the California Supreme Court's decision. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (stating limitations period does not begin until after expiration of the ninety-day period authorized for seeking certiorari). Thus, absent tolling, the limitations period expired one year later, on August 10, 2011.

**B.  Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008)). Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between decision and subsequent filing. Evans v. Chavis, 546 U.S. 189 (2006) (holding that an unjustified and

1  unexplained six-month delay is presumptively unreasonable). The statute of limitations is
2  not tolled, however, "from the time a final decision is issued on direct state appeal [to] the
3  time the first state collateral challenge is filed." Nino, 183 F.3d at 1006. Similarly, the
4  limitations period is not tolled after state post-conviction proceedings are final and before
5  federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2).

6  Petitioner is entitled to statutory tolling starting on March 3, 2011, as he filed his
7  initial habeas petition in the superior court on that date. Lodgment 4. As Respondent
8  acknowledges, Petitioner also is entitled to gap tolling for the time between his state habeas
9  filings. MTD at 9. Accordingly, the AEDPA statute ran for 205 days (August 10, 2010 to
10 March 3, 2011) before Petitioner filed his first state habeas petition. The AEDPA statute was
11 then tolled from March 3, 2011 to March 14, 2012, when the California Supreme Court
12 denied the habeas petition. The AEDPA statute began to run again on March 15, 2012 and
13 Petitioner had 160 days or until August 22, 2012 to file his federal habeas petition. Because
14 Petitioner did not file his federal habeas petition until January 30, 2013, his petition is
15 untimely unless he is entitled to equitable tolling.

16 **C.     Equitable Tolling**

17 The United States Supreme Court has held that the AEDPA's one-year statute of
18 limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct.
19 2549, 2560 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty,
20 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner
21 demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and
22 (2) that some extraordinary circumstance stood in his way," Holland, 130 S. Ct. at 2562
23 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The bar is set high to effectuate the
24 "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect
25 the federal system from being forced to hear stale claims." Guillory v. Rose, 329 F.3d 1015,
26 1018 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)). Petitioner argues
27 that he is entitled to equitable tolling because he did not receive notice that the California
28 Supreme Court had denied his habeas petition until shortly after October 15, 2012. ECF No.

11 at 3.

The Ninth Circuit has held that "'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "The diligence required for equitable tolling purposes is 'reasonable diligence' ... not 'maximum feasible diligence.'" Holland, 130 S.Ct. at 2565. In making this assessment, courts should consider "(1) on what date [the prisoner] actually received notice, (2) whether [the prisoner] acted diligently to obtain notice . . .; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible." Ramirez, 571 F.3d at 998 (citations omitted).

Here, Petitioner filed his habeas petition in the California Supreme Court on August 25, 2011. Oppo., Exh. A (letter from Petitioner to court stating that he sent his habeas petition to the court on August 25, 2011). According to the evidence submitted to the Court, Petitioner did not take any further action until October 7, 2012, when he wrote to the California Supreme Court asking about the status of his petition. Id. Petitioner apparently received the court's response shortly after October 15, 2012. Oppo. at 3, Exh. B. On November 12, 2012 and again on December 14, 2012, Petitioner requested a prison print-out of all incoming mail sent to him during the months of February and March 2012. Oppo. at 3, Exhs. D & E. On January 30, 2013, Petitioner filed his federal habeas petition. ECF No. 1.

Neither Petitioner nor Respondent provided any evidence establishing the specific date that Petitioner received notice from the California Supreme Court that the petition had been denied. Respondent also does not provide any evidence contradicting Petitioner's statement that he did not receive timely notice of the decision in March or April 2012. Accordingly, for purposes of this analysis, the Court accepts Petitioner's representation that he received actual notice of the denial shortly after October 15, 2012, the date the California Supreme Court mailed the notice to Petitioner. Because the AEDPA period, inclusive of statutory tolling, expired on August 22, 2012, it is undisputed that Petitioner did not receive

1  actual notice of the denial of his habeas petition until after the AEDPA period had expired.
2  As a result, the delay of notice made a timely filing impossible.  The critical issue then is
3  whether Petitioner acted diligently to obtain notice.
4        The Ninth Circuit has not defined what constitutes the requisite diligence.  See
5  Ramirez, 571 F.3d at 997 (remanding for district court to determine whether prisoner acted
6  diligently).  Because the analysis is fact-specific, courts have varied in their interpretation
7  of what constitutes the requisite diligence.  For example, the Eleventh Circuit found an
8  eighteen-month delay was sufficiently diligent because the clerk of court had advised the
9  prisoner that he would be notified as soon as the ruling was filed.  Knight v. Schofield, 292
10 F.3d 709, 711 (11th Cir. 2002).  The Second Circuit reached the same decision with regard
11 to a nine-month delay in requesting information, opining that "'[f]rom a litigant's
12 perspective, it is a difficult, if not impossible endeavor, to estimate how long a reviewing
13 court will take to decide a particular motion."  Diaz v. Kelly, 515 F.3d 149, 155 (2d Cir. 2008)
14 quoting Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir. 2002); Lewis v. Mitchell, 173 F.
15 Supp. 2d 1057, 1062 (C.D. Cal. 2001) (finding requisite diligence and equitable tolling where
16 petitioner inquired about status of state petition approximately nine months after filing and
17 prison had returned the supreme court's order due to lack of prisoner number, despite the
18 fact that petitioner had provided the correct number).  On the other hand, several courts
19 found that delays of sixteen to twenty-four months did not establish diligence.  Drew v.
20 Department of Corrections, 297 F.3d 1278 (11th Cir. 2002) (one letter sent after sixteen
21 months not diligent); LaCava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005) (insufficient
22 diligence where prisoner waited 21 months to inquire about status of case); Popov v. Martel,
23 2010 WL 2904642, *4 (E.D. Cal. July 26, 2010) (same); Matlock v. Cate, 2013 WL 636726,
24 *3 (S.D. Cal. Feb. 19, 2013) (finding insufficient diligence where prisoner waited almost two
25 years after filing state petition before inquiring about its status); Booker v. Busby, 2011 WL
26 5966723, *4 (C.D. Cal. October 4, 2011) (same for more than two years).
27       In the instant case, Petitioner waited more than thirteen months (8/21/11 to 10/7/12)
28 before he made any effort to inquire about the status of his habeas petition.  Moreover, once

he learned that his state petition had been denied, Petitioner still waited more than three months (10/17/12 to 1/30/13) before he filed his federal habeas petition.[2]  This does not constitute the required diligence.[3]  See Perez v. McEwen, 2013 WL 796101, *6 (C.D. Cal. January 28, 2013) (finding no diligence where petitioner waited more than one year after filing state pleading before inquiring about its status); Lopez v. United States, 512 Fed.Appx. 1001, 1004-05 (11th Cir. 2013) (district court did not err in finding insufficient diligence where petitioner waited eleven months before writing his lawyer about status of appeal).

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Respondent's Motion to Dismiss.

**IT IS ORDERED** that no later than **November 22, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 13, 2013**.

///
///
///

---

[2] The Court acknowledges that Petitioner filed two requests for mail logs during this three month period.  However, the additional delay was substantial given that the statute of limitations already had expired.  See, e.g., Diaz, 515 F.3d at 155 (federal habeas petition filed day after petitioner received actual notice that his state pleading had been denied); Lewis, 173 F. Supp. 2d at 1062 (upholding diligence despite two month delay between actual notice and filing of federal habeas petition where petitioner also filed prison grievance to obtain mail logs); Booker, 2011 WL 5966723, *4 (finding no diligence where petitioner waited more than five months after receiving actual notice of supreme court denial before filing federal petition).

[3] The Court finds that Petitioner did not act with reasonable diligence when he failed to inquire about the status of his state habeas petition for more than thirteen months and when he failed to file his federal habeas petition for more than three months after receiving actual notice of the state court denial because he knew or should have known that the AEDPA deadline had passed.  However, in recommending dismissal, the Court primarily relies on Petitioner's failure to make any effort for more than thirteen months to determine the status of his habeas petition pending before the California Supreme Court.  This lengthy delay was not reasonable.

1  The parties are advised that failure to file objections within the specified time may waive the
2  right to raise those objections on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158
3  F.3d 449, 455 (9th Cir. 1998).
4  **IT IS SO ORDERED.**

6  DATED:  October 30, 2013

                                                *[signature]*
                                                BARBARA L. MAJOR
                                                United States Magistrate Judge